IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-10-00281** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **H.A. RIOS, JR.,** | : | |
| | : | |
| **Respondent** | : | |

**M E M O R A N D U M**

Before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241, filed by Petitioner Michael Rinaldi ("Rinaldi"), an inmate currently incarcerated

at the United States Penitentiary in Atwater, California.[1]  (Doc. 1.)  Rinaldi is

challenging his conviction by raising actual innocence claims.  For the reasons that

follow, the petition will be dismissed for lack of jurisdiction.

**I.     Background**

On June 18, 1999, Rinaldi was convicted of conspiracy to distribute narcotics,

possession of a firearm, and use of a firearm in relation to drug trafficking.  (Doc. 10

at 2.)  On November 4, 1999, he was sentenced to a term of imprisonment of 248

---

[1] Rinaldi initially filed his habeas petition in the United States District Court for the Eastern
District of California.  By order dated February 4, 2010, that court transferred the case to this court.
(*See* Doc. 2.)

months by the Honorable Edwin M. Kosik in the United States District Court for the Middle District of Pennsylvania.  (*Id*.)  Rinaldi's conviction was upheld by the Third Circuit Court of Appeals.  (*Id*. at 2-3.)

Rinaldi subsequently filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (*Id*. at 3.)  In his petition, Rinaldi raised grounds of insufficient evidence and ineffective assistance of counsel.  (*Id*. at 3-4.)  The district court denied Rinaldi's petition on June 19, 2002.  (*Id*. at 4.)

On June 15, 2004, Rinaldi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 that was denied by this court without prejudice to any right Rinaldi may have had to move the appropriate court of appeals for an order authorizing the district court to consider a successive § 2255 motion pursuant to 28 U.S.C. § 2244(b). *See Rinaldi v. Nash*, Civ. No. 1:CV-04-1287 (M.D. Pa. Jan. 13, 2005).  In that petition, Rinaldi asserted challenges to the sufficiency of evidence at trial, the jury instructions, and his sentencing.  (*See id*.)  Following the denial of the petition, on February 14, 2005, Rinaldi sought an order from the Third Circuit Court authorizing the district court to consider a second or successive § 2255 petition pursuant to 28

U.S.C. § 2244(b).[2]  (*See* Doc. 10 at 9.)  The Third Circuit Court denied the

application.[3]  *In re. Rinaldi*, No. 05-1457 (3d Cir. June 23, 2005).

---

[2] Under 28 U.S.C. § 2255(h),

(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain -

 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

 (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  Further, 28 U.S.C. § 2244(b) provides:

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –

 (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

 (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

 (ii) the facts underlying the claim, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244.

[3] Rinaldi also sought leave to file a second or successive § 2255 petition in the Third Circuit Court on January 18, 2006, *In re. Rinaldi*, No. 06-1201 (3d Cir.), and February 26, 2007, *In re. Rinaldi*, No. 07-1499 (3d Cir.).  Those applications were denied on March 29, 2006 and April 10, 2007, respectively.  (*Id*.)

On April 10, 2008, Rinaldi filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court. *Rinaldi v. Sniezek*, Civ. No. 1:CV-08-0679 (M.D. Pa.). In that petition, Rinaldi's sole claim was that he is "actually innocent" of the charge of conspiracy to distribute narcotics upon which he was convicted. He did not provide any explanation for his failure to raise this claim in his previous § 2255 petition. The court dismissed the petition without prejudice to any right Rinaldi may have had to move the appropriate court of appeals for an order authorizing the district court to consider a second or successive § 2255 motion. (*See id.*) The court also denied a later motion for reconsideration. (*See id.*)

Rinaldi then appealed this court's dismissal of the petition to the Third Circuit Court. *See Rinaldi v. Sniezek*, 302 F. App'x 125 (3d Cir. 2008). In a per curiam opinion affirming this court's decision, the Third Circuit Court held:

> We agree with the District Court that Rinaldi has not demonstrated such a limitation in § 2255's scope or procedure here. While he claims that he has presented newly discovered evidence that demonstrates his innocence, this evidence solely consists of trial transcripts and witness affidavits. Of course, the testimony was available at trial. In addition, Rinaldi does not argue, and there is no indication, that the information in the affidavits was unavailable at trial. Finally, the District Court properly denied Rinaldi's motion for reconsideration because he did not identify an intervening change in the law that prevented him from raising an actual innocence claim in his first § 2255 motion.

*Id.* at 127.

Rinaldi filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 19, 2010. (Doc. 1.) On February 26, 2010, an order to show cause was issued, directing the respondent to reply to Rinaldi's petition. (Doc. 8.) The matter is now ripe for disposition.

## II. **Discussion**

"[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a conviction or to a sentence, is a motion filed under 28 U.S.C. § 2255. *In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997). *See also United States v. Miller*, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); *Snead v. Warden, F.C.I. Allenwood*, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (stating challenges to a federal sentence should be brought in a § 2255 motion). The § 2255 motion must be filed in the district court where the defendant was convicted and sentenced. *See* 28 U.S.C. § 2255(a) (the motion must be filed in "the court which imposed the sentence").

A defendant can pursue a § 2241 petition only when he shows that the remedy under § 2255 would be "inadequate or ineffective to test the legality of his detention."

28 U.S.C. § 2255(e); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no other means of having claims heard). The inadequacy or ineffectiveness must be "a limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording . . . a full hearing and adjudication of [a] wrongful detention claim." *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002) (citing *Cradle v. United States*, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle*, 290 F.3d at 538-39 (citing *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986)). Hence, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle*, 290 F.3d at 539. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971).

In his petition, Rinaldi raises three claims. First, he claims that his conviction on Count 19 of the indictment is invalid because he did not use a firearm in relation to drug-trafficking, and that therefore he should not have received a consecutive 60-

month sentence for that conviction.[4] (Doc. 1 at 10.)  In his second claim, Rinaldi

restates his claim on direct appeal of the conviction that he is innocent of the

conspiracy charge because the government did not prove, as alleged in the indictment,

that the conspiracy involved in excess of five kilograms of cocaine.  (*Id*. at 10-11.)  In

his third claim, he again claims that he is actually innocent of the conspiracy charge

because he did not conspire with all those individuals identified in the conspiracy

count of the indictment.  (*Id*. at 12.)  In support, he offers the same evidence (trial

transcripts and witness affidavits) from his previous § 2241 petition.  (*Id*.)  In

asserting these claims, Rinaldi has not demonstrated that the remedy under § 2255

would be inadequate or ineffective to test the legality of his detention.  Initially,

Rinaldi's claims do not fall within the narrow exception outlined in *Dorsainvil*, in

which § 2241 relief would be available.  In *Dorsainvil*, the Third Circuit Court of

Appeals held that § 2241 relief was available only to a petitioner who had no earlier

opportunity to challenge his conviction for conduct that an intervening change in

substantive law made no longer criminal.  *Dorsainvil*, 119 F.3d at 251.  Here, unlike

the petitioner in *Dorsainvil,* Rinaldi has not asserted that there was some intervening

---

[4] Count 19 of the indictment charged that between September 1996 and June 1997,  Rinaldi
knowingly used and carried firearms during and in relation to the distribution of cocaine and
conspiracy to distribute cocaine, in violation of 18 U.S.C. § 924(c).  (*See* Doc. 10 at 1-2.)

change in the law after he filed his first § 2255 motion such that he was unable to raise his actual innocence claims in that motion.

Further, the fact that Rinaldi's present circumstances preclude him from invoking the remedy available to him under § 2255 does not demonstrate the inadequacy or inefficacy of the remedy itself.[5] *See Cradle*, 290 F.3d at 538 ("It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."). As noted above, that a § 2255 motion may be time-barred is not a valid reason for pursuing relief under section 2241. *Id*. at 539. Moreover, Rinaldi has not been granted leave to file a second or successive habeas corpus petition by the Third Circuit Court of Appeals. Under the requirements set forth in § 2244(b), Rinaldi's instant successive petition cannot be entertained by the court.

---

[5] Section 2255 contains a one-year statute of limitations. Specifically, § 2255 provides, in pertinent part:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>  (1) the date on which the judgment of conviction becomes final;
>  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

**III.    Conclusion**

Based on the foregoing discussion, Rinaldi's petition for writ of habeas corpus

pursuant to 28 U.S.C. § 2241 will be dismissed for lack of jurisdiction.

An appropriate order will issue.

s/Sylvia H. Rambo
United States District Judge

Dated:  May 20, 2010.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-10-00281** |
| | : | |
| **v.** | : | **(Judge Rambo)** |
| | : | |
| **H.A. RIOS, JR.,** | : | |
| | : | |
| **Respondent** | : | |

## O R D E R

**AND NOW**, this 20th day of May, 2010, upon consideration of the petition for

writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying

memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** for lack of

jurisdiction.

2) The Clerk of Court is directed to **CLOSE** this case.


      s/Sylvia H. Rambo
      United States District Judge