IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RINALDI,** | : | |
| Petitioner | : | CIVIL NO. 1:CV-10-00281 |
| v. | : | **(Judge Rambo)** |
| **H.A. RIOS, JR.,** | : | |
| Respondent | : | |

## **M E M O R A N D U M**

Before the court is Petitioner Michael Rinaldi's ("Rinaldi") motion for reconsideration of the court's memorandum and order of May 20, 2010 (Doc. 12), denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons that follow, the instant motion (Doc. 13) will be denied.

### I. **Background**

Rinaldi, an inmate currently incarcerated at the United States Penitentiary at Atwater, California, filed a habeas petition in the Eastern District of California on January 19, 2010, challenging his conviction in the Middle District of Pennsylvania by raising actual innocence claims. (Doc. 1.) Specifically, Rinaldi claimed that his conviction on one count of his indictment is invalid because he did not use a firearm in relation to drug-trafficking, and that therefore he should not have received a

consecutive 60-month sentence for the conviction. He also claimed that he is innocent of the conspiracy charge because the government did not prove that the conspiracy involved in excess of five kilograms of cocaine. And finally, he claimed that he is innocent of the conspiracy charge because he did not conspire with all the individuals identified in the conspiracy count of the indictment. By order dated February 5, 2010, California's Eastern District court transferred the petition to this court because Rinaldi's conviction occurred in the Middle District of Pennsylvania. (*See* Doc. 2.)

By memorandum and order dated May 20, 2010, this court dismissed Rinaldi's habeas petition for lack of jurisdiction. (Doc. 12.) Specifically, the court found that in asserting the claims in the instant petition Rinaldi had not demonstrated that the remedy under § 2255 would be inadequate or ineffective to test the legality of his detention. Further, the court found that Rinaldi had raised his claims in a previous § 2241 petition and had not been granted leave to file a second or successive habeas petition by the Third Circuit Court of Appeals. As a result, the court could not entertain Rinaldi's § 2241 petition.

Consequently, Rinaldi filed the instant motion for reconsideration. (Doc. 13.) In his motion, Rinaldi argues that this court did not have jurisdiction to consider his

habeas petition because he is incarcerated in the Eastern District of California. After careful review, the court will deny the motion.

**II.    Discussion**

A motion for reconsideration is a device of limited utility. Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Rohrbach v. AT&T Nassau Metals Corp.*, 902 F. Supp. 523, 527 (M.D. Pa. 1995), *vacated in part on other grounds on reconsideration*,

915 F. Supp. 712 (M.D. Pa. 1996) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

Upon review of the instant motion, the court concludes that Rinaldi has not demonstrated any of the applicable grounds for reconsideration. Rinaldi bases his motion solely on the contention that his habeas petition should have been considered by the district court in the judicial district in which he is incarcerated, the Eastern District of California, rather than this court. To that end, the court notes that venue for actions brought under 28 U.S.C. § 2241 is governed by 28 U.S.C. § 1391(b). Section 1391(b) provides that venue is proper in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial

district in which any defendant may be found, if there is no district in which the action may otherwise be brought. In this case, all events giving rise to Rinaldi's claims took place in the Middle District of Pennsylvania. As such, the proper venue for this action was the Middle District of Pennsylvania. 28 U.S.C. § 1391(b). Further, when venue is improper, as in this matter, a court may transfer the matter to the district court "in which it could have been brought." 28 U.S.C. § 1406(a). Therefore, not only did California's Eastern District court not err in transferring Rinaldi's habeas petition to this district, this court did not err in considering the petition. Accordingly, the motion for reconsideration will be denied.

An appropriate order will issue.

s/Sylvia H. Rambo<br>United States District Judge

Dated: June 29, 2010.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**MICHAEL RINALDI,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-10-00281**
:
  **v.** : **(Judge Rambo)**
:
**H.A. RIOS, JR.,** :
:
    **Respondent** :

## **O R D E R**

**AND NOW**, this 29TH day of June, 2010, for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT** the motion for reconsideration (Doc. 13) is **DENIED**.

                                               s/Sylvia H. Rambo
                                               United States District Judge